## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT DEAS, | ) | 8:15CV35 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| MICHAEL L. KENNEY, RANDY KOHL, | ) | AND ORDER |
| CAMERON S. WHITE, MARK | ) | |
| WEILAGE, RICHARD THOMAS, | ) | |
| BRIAN GAGE, KIETH BROADFOOT, | ) | |
| RYAN HOLLEY, and KEVIN | ) | |
| BERGSTROM, | ) | |
| | ) | |
|     Defendants. | ) | |

This action was filed by Robert Deas, a pro se litigant incarcerated at the Tecumseh State Prison ("TSP") in Tecumseh, Nebraska. He filed his Complaint (Filing No. 1) on January 26, 2015. The court granted him leave to proceed in forma pauperis in this action. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

Plaintiff sues nine prison officials and claims to bring this suit "on behalf of the inmates of the Tecumseh Department of Corrections in protective custody Unit 2c." (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleged "protective custody inmates cannot receive thier [sic] mandated mental health and substance abuse treatment unless they sign out to General population" where their safety is at risk. (Filing No. 1 at CM/ECF p. 4.) For relief, Plaintiff asks that Defendants be held responsible in their personal capacities, and that they be ordered to pay $30 million in monetary damages. (*Id.* at CM/ECF p. 7.) He also asks that they be ordered to provide mental health treatment and substance abuse treatment to protective custody-inmates. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the

United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff claims to bring this action "on behalf of the inmates of the Tecumseh Department of Corrections in protective Custody Unit 2c." (Filing No. 1 at CM/ECF p. 1.) However, as a pro se litigant, Plaintiff may not represent the interests of other parties. *Litschewski v. Dooley,* No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed. Appx. 630 (8th Cir. 2013). Moreover, in order for Plaintiff to proceed with his claims, he must have standing. As a general rule, to establish standing, a plaintiff must assert his legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975).

Here, Plaintiff alleged inmates in protective custody at the TSP are unable to participate in mental health programming and substance abuse treatment. (Filing No. 1 at CM/ECF p. 3.) He did not explain in his Complaint how his own legal rights or interests are implicated. The court can infer from the documents attached to Plaintiff's Complaint that he was, at some point, in protective custody and he grieved issues relating to his access to mental health programming to prison officials. However, the court will not undertake the task of guessing what allegations or claims Plaintiff means to assert against each of the nine individuals named as Defendants based solely on the materials attached to his Complaint. *See* Fed. R. Civ. P. 8(a)(2), (d)(1) (requiring that every complaint contain "a

short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct.").

On the court's own motion, Plaintiff will have 30 days to file an amended complaint that asserts his legal rights or interests and not the legal rights or interests of third parties, and that sets forth a short and plain statement of the claims against each defendant. Plaintiff should be mindful to explain what each defendant did or is doing to deprive him of his constitutional rights, and what specific legal rights Plaintiff believes that defendant violated. The court will direct the clerk of the court to send to Plaintiff a blank civil complaint form, which Plaintiff may utilize to draft his amended complaint. To avoid confusion, any document Plaintiff sends to the clerk of the court for filing in this case must clearly display the case number. If Plaintiff fails to file an amended complaint in accordance with this order, this matter will be dismissed without prejudice and without further notice.

## IV. REQUEST FOR CLASS CERTIFICATION

Plaintiff seeks class certification. Under Federal Rule of Civil Procedure 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 (citing cases for rule that class representatives cannot appear pro se). For these reasons, Plaintiff's request for class certification is denied.

IT IS THEREFORE ORDERED that:

4

1. Plaintiff must file an amended complaint within 30 days in accordance with this order. This case will be dismissed without prejudice and without further notice if Plaintiff fails to file an amended complaint.

2. Plaintiff's request for class certification is denied.

3. The clerk of the court is directed to send to plaintiff a civil complaint form. To avoid confusion, any document Plaintiff sends to the clerk of the court for filing in this case must clearly display the case number.

4. The clerk of the court is directed to set a pro se case management deadline in this matter: May 27, 2015.

DATED this 24th day of April, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge